# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:19CV-P29-GNS

**JEFFREY ALLEN JONES, SR.**                                                                        **PLAINTIFF**

v.

**KSP OFFICER FORBIS** *et al.*                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jeffrey Allen Jones, Sr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex (LLCC). He sues the following Defendants: Daniel Forbis, identifying him as a Kentucky State Police Officer; John Miller, a Commonwealth's Attorney; Shelby Miller, a Commonwealth's Attorney; Judge Todd Spaulding, a District Judge in Taylor and Marion County, Kentucky; and Shanda West Stiles, a "Defen[s]e Attorney."

Plaintiff states, "The aledged crime happened at 840 Maple Road, where me and my ex-wife Jorretta Thompson Jones pay taxes to Marion County Ky. I was put in Taylor Co. Jail, where I was also indicted in Taylor County, by a Taylor County Grand Jury." Plaintiff continues, "I kept on to my court appointed attorney Shanda West Stiles to file a motion for dismissal, but she just talked down to me in a be-littling mannor. So I filed a motion with Judge Spaulding's Court to have attorney removed from my case, also I filed another motion to have my case dismissed." Plaintiff states, "Judge Spaulding refused to answer my motion to remove

Shanda West Stiles, and he never did address my motion to dismiss. I also filed another motion he never did address. Judge Spaulding & all of these attorneys worked a really great act in Kangaroo Court Room Act's." Plaintiff concludes, "I am the one suffering because of all this malicious abuse of power over the unedgecated person I am when it comes to law."

As relief, Plaintiff seeks compensatory and punitive damages and to "fire all the attorneys at fault" and to "ban them all from ever practicing law ever again."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Official-capacity claims*

Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are all state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages must be dismissed.

As injunctive relief, Plaintiff requests that the Defendant attorneys be fired and "ban[ned]" from practicing law. However, the Court does not have the authority under § 1983 to order that any Defendant be fired. *See, e.g.*, *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) (finding that the Court has no authority under § 1983 to direct that disciplinary proceedings be initiated against a defendant); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (finding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous,"

3

"entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Moreover, the Court has no authority to disbar any attorney. *See, e.g.*, *In re Baumgartner*, 123 F. App'x 200, 203 (6th Cir. 2005) (recognizing that the state has jurisdiction to disbar an attorney and that the state's authority of disbarment cannot be upset by federal review).

Accordingly, Plaintiff's official-capacity claims against Defendants for monetary and injunctive relief must be dismissed for seeking monetary damages from a defendant immune from such relief and failure to state a claim upon which relief may be granted.

## B. Individual-capacity claims

### 1. Defendant Forbis

The complaint contains no allegations concerning Defendant Forbis. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Since the complaint contains no factual allegations against Defendant Forbis, Plaintiff has not alleged any personal involvement by him, and the individual-capacity claim against him must be dismissed.

## 2. Defendants John Miller and Shelby Miller

Plaintiff identifies Defendants John Miller and Shelby Miller as Commonwealth's Attorneys and, based on the facts alleged, the Court presumes that these Defendants prosecuted Plaintiff in state court. Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Thus, Plaintiff's individual-capacity claims against Defendants John Miller and Shelby Miller must be dismissed.

## 3. Defendant Spaulding

Plaintiff also sues Defendant Spaulding, who was the state-court judge who presided over his criminal case. Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Plaintiff alleges that Defendant Spaulding failed to address his motions. Thus, Plaintiff's complaint against Defendant Spaulding relates only to actions he took in his judicial

capacity and within his jurisdictional authority. Consequently, Plaintiff's individual-capacity claim against Defendant Spaulding is barred by judicial immunity and also must be dismissed.

### *4. Defendant Stiles*

Plaintiff also sues Defendant Stiles, identifying her as his court-appointed attorney. Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Accordingly, Plaintiff's individual-capacity claim against Defendant Stiles must be dismissed for failure to state a claim.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: July 9, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.010